## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JUANTISA HUGHES )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>FULTON COUNTY, GEORGIA, )<br>)<br>　　　　Defendant. )<br>) | CIVIL ACTION FILE NO.:<br>1:16-CV-01912 |

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR EQUITABLE TOLLING

COMES NOW, Defendant Fulton County, Georgia ("Fulton County"), by and through its undersigned counsel, and hereby opposes Plaintiff Juantisa Hughes' ("Plaintiff") Motion for Leave to Amend her Complaint and for Equitable Tolling (Doc. 42). As shown herein, leave to amend is unwarranted as Plaintiff's proposed Section 1983 claims and state law claims against Circuit Public Defender Vernon Pitts ("Pitts") are untimely and futile. Accordingly, Plaintiff's Motion should be denied in part.

### STANDARD OF REVIEW

Plaintiff's Motion is governed by Federal Rule of Civil Procedure 15(a),

which provides that leave to amend "shall be freely given when justices so requires." However, leave to amend should be denied when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; (3) there has been a repeated failure to cure deficiencies by amendments previously allowed; or (4) the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004); Luxottica Group v. Airport Mini Mall, LLC, 169 F.Supp. 3d 1343, 1345-1346 (N.D. Ga. 2016). As explained herein, Plaintiff's proposed Section 1983 claims and state law claims against Pitts are futile since they have no chance of success. Additionally, Plaintiff's proposed amendment would prejudice Defendant, who has expended significant time responding to Plaintiff's 258 paragraph Complaint [Doc. 1] and Plaintiff's 310 paragraph First Amended Complaint [Doc. 11]. For these reasons, this Court should deny Plaintiff's request in part. To the extent Plaintiff is given leave to amend, Plaintiff should be directed to only add new concise paragraphs outlining the new claims, who and in what capacity the new claims are against and factual support, if needed in addition to the 254 paragraphs of purported factual allegations

already contained in the First Amended Complaint.[1]

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff seeks leave to amend so that she may argue that Vernon Pitts ("Pitts"), Circuit Public Defender for the Atlanta Judicial Circuit, and Defendant Fulton County were joint employers of Plaintiff for purposes of Title VII liability. (See Doc. 42-4). Additionally, Plaintiff seeks to bring Section 1983 and Section 1985 claims against Fulton County. (Id.). In so arguing, Plaintiff contends that she did not have occasion to learn of Pitts' true employment status until July 7, 2017, two weeks after Fulton County filed its Answer. (See Doc. 42-1, p. 4). However, Plaintiff's contention is unavailing because Pitts' status is a matter controlled by statute – not by Fulton County's Answer. Furthermore, Plaintiff fails to offer any reason why she could not have brought her proposed Section 1983 claims in the original Complaint filed more than one year ago or in the First Amended Complaint for that matter. Moreover, Plaintiff ignores the fact that her proposed Section 1983 claims against Fulton County fail as a matter of law, because under Georgia law, neither Pitts nor Reddick have final policy-making

---

[1] In Plaintiff's First Amended Complaint (Doc. 11), she labels paragraphs 11 – 254 as "Factual Background" in support of the causes of action outlined in paragraphs 255 – 310.

authority for Fulton County. Plaintiff's proposed Second Amended Complaint also ignores the fact that Pitts is immune from suit under state law.

### A. Pitts And Reddick Are Not Final Policymakers For Fulton County – A Fact That Negates Plaintiff's Proposed Section 1983 Claims Against Fulton County.

Under Section 1983, a county may be subject to liability if the constitutional violation that plaintiff complains of is caused by a "policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officials." Monell v. Dept. of Social Serv. of City of N.Y., 436 U.S. 658, 690 (1978). Liability may also be predicated on governmental custom, even where the "custom has not received formal approval through the body's official decision-making channels." Id. Moreover, "[t]here is no respondeat superior liability under § 1983." Rodriguez v. City of Clermont, 681 F.Supp.2d 1313, 1329 (M.D. Fla. 2009) (citing Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001)). A county can only be subject to liability based upon the conduct of one of its officials if said official is the final authority or ultimate repository of power for that entity. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986). Whether an official has final policy-making authority is a question of state law. Id.

Thus, to hold Fulton County liable under § 1983, Plaintiff must "identify a

[4]

municipal policy or custom that caused the plaintiff's injury." Denson v. City of College Park, No. 1:07-cv-1624-TWT, 2009 WL 302192, at *9 (N.D. Ga. Feb. 5, 2009) (quoting Board of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997)).  Indeed, Plaintiff must allege not only a Fulton County policy or custom, but that Fulton County "was the moving force behind the injury alleged."  Id.  See also Buford v. City of Atlanta, No. 1:06-cv-3089-TWT, 2007 WL 2345262, at *2 (N.D. Ga. Aug. 13, 2007).  Specifically, Plaintiff must plead sufficient facts for this court to conclude: (1) Fulton County officially sanctioned or ordered the acts of Pitts and/or Reddick; (2) Pitts and/or Reddick were officers with final policymaking authority as defined by state law; or (3) that Pitts and/or Reddick acted pursuant to a policy adopted by Fulton County officials responsible under state law for making policy in that area.  See Manor Healthcare Crop. V. Lomelo, 929 F.2d 633, 637 (11th Cir. 1991).

Plaintiff's proposed Second Amended Complaint does not, because it cannot as a matter of fact, allege that Fulton County officially sanctioned or ordered the acts of Pitts or Reddick.  Plaintiff has also not alleged that any policy or custom of Fulton County was the "moving force" behind any of the discriminatory acts that form the basis for Plaintiff's Complaint.  Instead, Plaintiff asserts that Pitts and

Reddick violated her rights in various ways. (See Doc. 42-4 generally). Thus, Plaintiff could only seek relief against Fulton County under Section 1983 if her complaint states facts sufficient to infer that Pitts and Reddick were policymakers for Fulton County. Only if Pitts and Reddick "possesse[d] final authority to establish [county] policy with respect to the action ordered," could Fulton County be liable for their alleged actions. See Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1480 (11th Cir. 1991) (internal quotations omitted).

In this case, Plaintiff alleges that "the actions of Defendant Pitts were undertaken … in the role of 'Appointing Authority' which he had assumed and which thus constituted the actions of Defendant Fulton County's final policymaker for which Defendant Fulton County is responsible." (Doc. 42-4, Counts IV and V). However, Plaintiff's allegations are merely bare conclusions with nothing in the way of facts to support an inference that either Pitts or Reddick had final policymaking authority for Fulton County with respect to terminating employees such as Plaintiff. See e.g., Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); Ashcroft v. Iqbal, 556 U.S. 662, 679

(2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."). That Pitts served in the role of Appointing Authority does not in itself support an inference that he had final policymaking authority for Fulton County, as opposed to the entity that employed him. Indeed, Pitts' authority to appoint derives from state law not Fulton County. See O.C.G.A. § 17-12-28.[2]  There are no facts alleged regarding a widespread custom, an official policy or sanction, or that Pitts or Reddick had final policy-making authority *for Fulton County* with respect to Plaintiff's termination. Consequently, any purported § 1983 claim against Fulton County is futile and leave to amend on that ground should be denied.

B. **Plaintiff's Proposed State Law Claims Against Pitts Are Barred By the Doctrines of Sovereign and Official Immunity.**

Plaintiff's proposed Second Amended Complaint purports to lodge claims against Pitts arising under state law. (See Doc. 42-4, Counts VII and VIII). It

---

[2] Pursuant to O.C.G.A. § 17-12-20(b)(2), all circuit public defenders are nominated by the circuit public defender supervisory panel, and the Director of the Georgia Public Defender Standards Council appoints the circuit public defender. The Public Defender Standards Council is an independent agency within the executive branch of the State of Georgia. See O.C.G.A. 17-12-1 et seq. Thus, Pitts is an appointee of the Georgia Public Defender Standards Council.

appears that Plaintiff's proposed intentional infliction of emotional distress claim is brought against Pitts in his individual capacity, but there is no reference made to either Pitts' individual or official capacity in Plaintiff's proposed fraud claim. (Id.). However, in either case, such claims fail pursuant to sovereign immunity and official immunity.

    1.    <u>Plaintiff's state law claims against Pitts in his official capacity are barred by sovereign immunity</u>.

Under Art. 1, § 2, ¶ 9 of the Georgia Constitution, Pitts is immune from tort liability under the doctrine of sovereign immunity. The doctrine of sovereign immunity provides that "[t]he State as a sovereign cannot be sued without its consent and a judgment taken against the State without its consent to the action is a nullity." <u>Thompson v. Continental Gin Co.</u>, 73 Ga. App. 694 (1946). This doctrine applies to all state departments and agencies, including counties. <u>See</u> <u>Gilbert v. Richardson</u>, 264 Ga. 744 (1994); <u>Hendon v. DeKalb County, et al.</u>, 203 Ga. App. 750, 754 (1992). "Sovereign immunity is not an affirmative defense that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver." <u>City of Atlanta v. Durham</u>, 324 Ga. App 563, 564 (2013); <u>Murray v. Ga. Dept. of Transp.</u>, 284 Ga.

App. 263, 265 (2007). Thus, Pitts does not have the burden to establish his entitlement to sovereign immunity for Plaintiff's state law claims. Instead, Plaintiff carries the burden of showing that Pitt's sovereign immunity has been waived as to Plaintiff's state law claims.

Sovereign immunity can be waived by an Act of the General Assembly, which specifically provides that sovereign immunity is waived and provides the extent of the waiver. Kodares v. Gwinnett Co., 220 Ga. App. 848 (1996); Mapp v. Drake, 178 Ga. App. 830 (1986). As a general rule, the sovereign immunity of the state and its departments is waived by the Georgia Tort Claims Act for the "torts of state officers and their employees … acting within the scope of their official duties or employment." O.C.G.A. § 50-21-23(a); see generally, Ga. Forestry Comm. v. Canady, 280 Ga. 825, 825-826 (2006). However, there are several exceptions to this waiver codified at O.C.G.A. § 50-21-24(1)-(13), one of which is the discretionary function exception. See O.C.G.A. § 50-21-24(2).

Under the discretionary function exception, "liability for losses resulting from … [t]he exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused." Id. The exception applies if it is "shown

that a state officer or employee was afforded discretion with respect to the conduct that is alleged to amount to a tort, and that an exercise of the discretion afforded amounts to a policy judgment based upon a consideration of social, political, or economic factors." Cowart v. Ga. Dept. of Human Svcs., 340 Ga. App. 183, 185 (2017) (quoting Ga. Dept. of Human Svcs. v. Spruill, 294 Ga. 100 106(2) (2013)). Moreover, Georgia law is clear that said exception is properly applied in the context of employment decisions. See Doss v. City of Savannah, 290 Ga. App. 670, 675 (2008) ("Employment decisions, including the retention, hiring and supervision of employees, necessarily require consideration of numerous factors and the exercise of deliberation and judgment [and] are therefore precisely the types of administrative action the discretionary function exception seeks to shield from judicial second guessing.") (quoting Ga. State Bd. of Pardons and Paroles v. Finch, 269 Ga. App. 791, 794(2) (2004)); see also Bd. of Public Safety v. Jordan, 252 Ga. App. 577, 584-585 (2001) (employee's claim for intentional infliction of emotional distress arising from his termination was barred by sovereign immunity). Accordingly, Plaintiff's request for leave to amend to add state law claims against Pitts in his official capacity should be denied.

> 2. <u>Plaintiff's state law claims against Pitts in his individual capacity are barred by official immunity</u>.

The doctrine of official immunity protects public officers and employees from suit in their individual capacities "for discretionary acts taken within the scope of their official authority, and done without willfulness, malice, or corruption." <u>Cameron v. Lang</u>, 274 Ga. 122, 123 (2001); <u>see also</u> <u>Wendelken v. JENK LLC</u>, 291 Ga. App. 30 (2008). Malice in the context of official immunity includes actual malice, which means a deliberate intention to do a wrongful act, but it does not include implied malice, which means the reckless disregard for the rights or safety of others. <u>See</u> <u>Tittle v. Corso</u>, 256 Ga. App. 859, 862 (2002); <u>Murphy v. Bajjani</u>, 282 Ga. 197, 203 (2007).

As noted above, employment decisions are by their very nature discretionary acts. Therefore, Pitts is entitled to official immunity unless Plaintiff adequately pleads that his conduct was willful or done with malice or corruption. Here, Plaintiff's proposed Second Amended Complaint again relies solely on the self-serving conclusory allegation that Pitts' conduct was willful. (Doc. 42-4, ¶ 360). Plaintiff does not allege that Pitts acted with actual malice or corruption. Moreover, merely stating that Pitts acted willfully is insufficient without additional facts to support the inference that he acted with a deliberate intention to do a

wrongful act. See Twombly and Iqbal discussion infra Part A. Accordingly, Plaintiff's proposed state law claims against Pitts cannot succeed.

### C. Plaintiff's Proposed Additional Constitutional And Tort Claims Are Barred By The Applicable Two Year Statute of Limitations.

As admitted by Plaintiff, "where federal statutes such as 42 U.S.C. §§1983 and 1985 do not include a statute of limitations, federal courts must apply the forum state's analogous statute of limitations (in Georgia, the two year statute of limitations in O.C.G.A. § 9-3-33) and the forum state's rules for tolling that statute of limitations. 42 U.S.C. § 1988; Bd. of Regents of the Univ. of the State of N.Y., et al. v. Tomanio, 446 U.S. 478, 483 (1980)." (Doc. 42-1, p. 11). Here, Plaintiff was terminated from her position as an Investigator in March 2014. Even if Plaintiff's proposed claims relate back to the date of her original Complaint, they are untimely as her original Complaint was filed on June 8, 2016 – more than two years after Plaintiff's termination.

1. Plaintiff is not entitled to equitable tolling of the statute of limitations.

Plaintiff argues that she is entitled to equitable tolling of the statute of limitations because Fulton County, Pitts and Reddick fraudulently concealed the true nature of Plaintiff's, Pitt's and possibly Reddick's employment relationship. (See Doc. 42-1, p. 12). Plaintiff relies on dicta from an ancient case, Leonard v.

Firemen's Ins. Co., 100 Ga. App. 434 (1959), in support of her argument that Fulton County, Pitts and Reddick had a duty to disclose the employment relationship to Plaintiff.  However, even following the logic in Leonard, only the "master" would have a duty to disclose, which Fulton County and Reddick were not.  Under Plaintiff's theory, Fulton County and Reddick had no duty to Plaintiff, and Plaintiff has not cited to any precedent or legal rule obligating a non-employer to disclose non-employment relationships to a non-employee.  See also Gignilliat v. Borg, 131 Ga. App. 182, 186 (1974) ("All persons are presumed to know the law.").

Fulton County further rejects Plaintiff's contention that a fraud has been perpetrated against her. With respect to Plaintiff's prior conspiracy claim, Fulton County's counsel admits that it was error to argue that Fulton County and Pitts were part of the same entity.  However, any error caused was harmless because Plaintiff stated that she intended to pursue a state law conspiracy claim which was dismissed on the basis of sovereign immunity.  (Doc. 25, p. 32-34).  Also, Plaintiff conceded that no federal common law conspiracy claim exists and stated that her claim was only cast as such due to a typographical error.  (Doc. 19, p. 23 n.5).  Had Plaintiff brought her Section 1985 at the outset of this litigation, the intracorporate

conspiracy doctrine could still have been raised because, although unclear, it is likely that Pitts and Reddick are two agents of the same entity for purposes of Section 1985 liability.[3]  It is more likely that Plaintiff chose not to bring an earlier Section 1985 claim because it would have been dismissed as time barred as discussed in more detail below, and not out of an effort to "[get] past the intracorporate conspiracy doctrine." (Doc. 42-1, p. 13).  The appointment of Pitts with state sanctioned authority to hire Reddick and Plaintiff is not a "fraud," and if it was, it was not a fraud perpetrated by Fulton County.  This information was unknown to Plaintiff because Plaintiff failed to discover it, but not because Fulton County actively concealed information.

Furthermore, Plaintiff alleges that she did not previously bring her Section 1983 claims due to "her reasonable belief that both Pitts and Reddick were Fulton County employees."  Such a belief, however, is not reasonable because O.C.G.A. § 17-12-1 *et seq.* clearly shows that Pitts is a state employee.  Despite any confusion surrounding the employment status of Pitts and Reddick, this does not excuse Plaintiff's failure to bring her Section 1983 and Section 1985 claims against Fulton

---

[3]  State law provides that "the circuit public defender in each judicial circuit is authorized to appoint one investigator to assist the circuit public defender in the performance of his or her official duties … [and] may appoint additional investigators as may be authorized by the council." O.C.G.A. § 17-12-28.

County at the outset of this case. At a minimum, Plaintiff's Complaint demonstrates that she always believed Fulton County was legally responsible for her alleged losses. Notwithstanding Plaintiff's mistaken beliefs, the statute of limitations would have barred her Section 1983 and 1985 claims against Fulton County even if they were brought in the original Complaint.

### D. Any Amendment By Plaintiff Should Be Limited To Adding New Paragraphs In Support Of Plaintiff's New Claims And The New Parties Plaintiff Is Permitted To Add.

Within the confines of Rule 15, the Court has discretion to consider the prejudice an amendment would pose to the opposing party. See Advanced Polymer Technology Corp. v. Textile Management Associates, Inc., No. 4:08-cv-0018-HLM, 2009 WL 10669092, at *3 (N.D. Ga. May 21, 2009). When a plaintiff has amended a complaint once before and wishes to restart the entire response process by amending the complaint again, the Court may consider the prejudice to a defendant in that circumstance. See Cordova v. Lehman Bros., Inc., 237 F.R.D. 471, 477 (S.D. Fla. 2006). Here, leave should not be granted because any amendment would be futile. Justice also requires the denial of the proposed amendment given the undue prejudice to Fulton County. Specifically, Plaintiff should be restricted given the amount of time Defendant and this Court have spent

analyzing Plaintiff's lengthy Complaints previously filed.  Plaintiff has not withdrawn any claims against Fulton County, and thus, has offered no justification to alter the "Factual Background" allegations contained in the First Amended Complaint against Fulton County.  At minimum, Plaintiff should be limited to adding paragraphs without altering, unless striking, the first 254 paragraphs already asserted against Fulton County within the First Amended Complaint.

## CONCLUSION

Because Plaintiff seeks to add claims to her Complaint that are futile, Plaintiff's Motion for Leave should be denied as to her proposed Section 1983 claims against Defendant and her proposed state law claims against Pitts.  However, to the extent Plaintiff is granted leave to amend her Complaint, Defendant respectfully requests that this Court limit Plaintiff to the addition of new counts only, and prohibit Plaintiff's numerous proposed revisions to the factual allegations contained in the several hundred numbered paragraphs of Plaintiff's Complaint.  Defendant has already expended significant time and resources analyzing Plaintiff's extremely lengthy Complaint once.  To do so a second time in order to address many insignificant and unnecessary changes in verbiage is a poor use of government resources and time.

Respectfully submitted, this 6th day of September, 2017.

                                      **OFFICE OF THE COUNTY ATTORNEY**

                                      Kaye Woodard Burwell
                                      Georgia Bar No. 775060
                                      Kaye.Burwell@fultoncountyga.gov

                                      Dominique Martinez
                                      Georgia Bar No. 430323
                                      Dominique.Martinez@fultoncountyga.gov

                                      ***/s/ Laura L. Moore***
                                      Laura L. Moore
                                      Georgia Bar No. 870394
                                      Laura.Moore@fultoncoutngyag.gov
                                      Attorneys for Defendant

141 Pryor Street, Suite 4038
Atlanta, Georgia 30303
Telephone:  404-612-0246
Facsimile:  404-730-6324

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JUANTISA HUGHES** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **FULTON COUNTY, GEORGIA,** ) <br> ) <br> **Defendant.** ) <br> ) <br> ) | **CIVIL ACTION FILE NO.:** <br> **1:16-CV-01912** |

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that the foregoing "**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR EQUITABLE TOLLING**" has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1C. The undersigned counsel further certifies that a copy of this notice has been served on counsel of record with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Susan Atkinson, Esq.
Atkinson & Associates, LLC
144 Vidal Boulevard
Decatur, Georgia 30030

This 6th day of September, 2017.

*/s/ Laura L. Moore*
Laura L. Moore
Georgia Bar No. 870394
laura.moore@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, Suite 4038
Atlanta, Georgia 30303
Telephone:  404-612-0246
Facsimile:  404-730-6324